IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LORENZO ROBINSON                                                 MOVANT

v.                                                 No. 2:03CR149-M

UNITED STATES OF AMERICA                              RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* pleading of Lorenzo Robinson styled as a writ of *habeas corpus* under 28 U.S.C. § 2241. Robinson, however, challenges the validity of his federal conviction and sentence, and seeks to vacate, set aside, or correct his sentence, relief properly sought under 28 U.S.C. § 2255. The court notified Robinson it intends to recharacterize the *pro se* pleading as a first motion under 28 U.S.C. § 2255. Robinson, however, failed to respond to two court orders notifying him of the potential consequences of the recharacterization – and directing him to choose how to proceed. Having given Robinson notice, and in the absence of a response, the court has recharacterized his *pro se* pleading as a first motion under 28 U.S.C. § 2255. For the reasons set forth below, the instant motion for relief under 28 U.S.C. § 2255 shall be dismissed as procedurally defaulted, untimely filed, and without substantive merit.

**Facts and Procedural History**

Lorenzo Robinson, a/k/a "Tymoochie" was a leader of a Clarksdale, Mississippi, street gang known as the "Mafia Insane Vice Lords." Robinson plead guilty to Counts 4 and 5 of a superseding indictment, charging him with possession of a firearm by a convicted felon and persuading another individual to provide false information to law enforcement officials. The court entered judgment on September 9, 2004, sentencing him to 57 months imprisonment.

Robinson did not directly appeal his conviction or sentence on any ground. The instant § 2255 motion was entered on the docket May 21, 2007. Robinson signed it May 18, 2007.

The government recognized the pleading as a motion under § 2255, and treated it as such, despite Robinson's attempts to characterize it as a *habeas corpus* petition under 28 U.S.C. § 2241. The court notified Robinson that it intends to recharacterize the *pro se* pleading as a first motion under 28 U.S.C. § 2255, and warned Robinson of the potential consequences. It appears that Robinson was in the process of moving to another prison and did not receive the first order. Thus, the court issued a second order giving Robinson an opportunity to address how he wishes to proceed in this case. The order informed Robinson he could either withdraw the instant pleading, amend it so that it contains all of the § 2255 claims he believes he has, or insist the court treat the pleading as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. The order included a deadline for Robinson to inform the court of his decision regarding the characterization of the instant pleading for March 2, 2009. Robinson failed to meet this deadline; thus the court has recharacterized the *pro se* pleading as a first motion under 28 U.S.C. § 2255.

## Discussion

Lorenzo Robinson makes two arguments for relief in the instant motion: (1) Title 18 of the United States Code was not validly enacted; therefore his conviction under the jurisdictional grant of 18 U.S.C. § 3231 is invalid, and (2) ineffective assistance of counsel for his attorney failing to recognize that the United States District Court for the Northern District of Mississippi lacked jurisdiction to accept his guilty plea or to sentence him to a term of imprisonment.

## Want of Jurisdiction as an Exception to Procedural Default

Although Robinson failed to file a direct appeal, or raise a collateral attack of his conviction on any ground within the applicable one-year limitations period, he argues that a challenge to subject matter jurisdiction can be challenged at any time. However, failing to raise an argument on direct appeal prevents Robinson from doing so for the first time in a collateral attack. "A section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack on his conviction, unless there is cause for the default and prejudice as a result." *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 1991). The only exception to the cause-and-prejudice test is in the narrow set of cases where failure to hear the claim would result in a "manifest miscarriage of justice," such as in the "extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (internal quotation marks omitted). The showing must be one of actual, factual innocence, not mere legal insufficiency of the evidence that led to conviction. *United States v. Sorrells*, 145 F.3d 744 (5th Cir.1998).

Robinson did not raise the jurisdictional and constitutional claims related to Title 18 on direct appeal. Therefore, he cannot raise them for the first time in this court because he has neither shown cause for his failure to raise the issues previously – nor prejudice from failing to raise the issues. Robinson does, however, argue that, as Congress did not validly enact Title 18, the crimes of his conviction were not crimes at all, and he is thus actually innocent. It is under this theory that he argues that permitting his conviction to stand would result in a "manifest miscarriage of justice." As discussed below, this argument has no merit.

## The Validity of Title 18 of the United States Code

Robinson claims Title 18 of the United States Code was not validly enacted. Even if Robinson had raised this issue on direct appeal, the court finds his attack on Title 18 to lack merit. The Supreme Court in *Marshall Field & Co. v. Clark,* 143 U.S. 649 (1892) advises against courts even conducting inquiries of issues like those asserted by Robinson. The court found that judicial action based on such a suggestion "is forbidden by the respect due to a co-ordinate branch of the government." *Id*. at 673. Instead, the court concluded that "an enrolled act, thus authenticated, is sufficient evidence of itself – nothing to the contrary appearing upon its face – that it passed congress." *Id.* at 672. Several federal courts have faced similar attacks on Title 18, and have consistently rejected it. In *United States v. Chillemi*, a district court in Arizona considered the merits of Robinson's argument. *United States v. Chillemi*, 2007 WL 2995726 (D. Ariz. Oct. 12, 2007). In *Chillemi*, the court cited *Marshall Field & Co.* and found "the validity of the enactment of Title 18 is a political question, and it is not for this Court to look back into the legislative process and declare that something was amiss." *Id.* at 7. Several other courts addressing the same or similar arguments have reached the same conclusion. *United States v. Potts*, 251 Fed. Appx. 109 at *2 (3d. Cir. 2007) (unreported) (argument that 18 U.S.C. 3231 was not properly enacted is frivolous); *Delreth v. United States*, 2006 WL 1804618 (S.D. Tex. June 27, 2006) (unreported) (there no material flaw in the jurisdictional statute, court finds the recess to be an intersession recess; there is no requirement that bills passed before intersession recess be voided).

Even if Robinson's allegations about Title 18 were true, "legislation that pre-dated section § 3231 would have operated to give the court jurisdiction over federal crimes." *Derleth*

*v. United States*, 2006 WL 1804618 at 4 (S.D. Tex. June 27, 2006) (unreported); *accord, United States v. Risquet*, 426 F. Supp. 2d 310, 311-12 (E.D. Pa. 2006); *United States v. Lawrence*, 2006 WL 250702 at 3 (N.D.Ill. Jan.27, 2006) (unreported). Finally, Robinson's attorney was not deficient for failing to raise this argument because it is frivolous. "[T]he failure to press a meritless point does not support a claim for ineffective assistance of counsel." *Malone v. United States*, 2008 WL 649183 at 3 (N.D.Miss., March 10, 2008) (citing *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995)).

**Robinson's Motion was Untimely Filed**

Additionally, the instant motion claiming the court was without jurisdiction to impose such a sentence filed under 28 U.S.C. § 2255, is subject to § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The court entered judgment in this case September 9, 2004. As such, the deadline for Lorenzo Robinson to file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 expired September 9, 2005. The May 18, 2007, motion was thus filed 615 days late and is

untimely under the statute. As Robinson has shown no "rare and exceptional circumstances" that would warrant equitable tolling in this case, *Fisher v. Johnson*, 174 F.3d 710, 713, 715-716 (5th Cir. 1999), the instant motion to vacate, set aside, or correct Robinson's sentence under 28 U.S.C. § 2255 shall be denied as untimely filed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 18th day of May, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**